**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. 6:06CR0063-001** |
| | § | |
| **JACKIE JEELANI AUSTIN** | § | |

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On September 7, 2010, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Jackie Austin. The government was represented by Jim Middleton, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by court-appointed federal defender, Kenneth Hawk.

Defendant originally pleaded guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class C felony. The offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 19 and a criminal history category of III, was 37 to 46 months. On January 31, 2007, District Judge Leonard Davis sentenced Defendant to 37 months imprisonment followed by a term of 3 years supervised release, subject to the standard conditions of release, plus special conditions to include drug testing and treatment and financial disclosure. On July 7, 2009, Defendant completed the term of imprisonment and began the term of supervised release.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from committing another federal, state or local crime, and from illegally possessing a controlled substance. As a standard condition of supervision, Defendant was required to, among other things, work

1

regularly at a lawful occupation.

In its petition, the government alleges that Defendant violated his term of supervised release by providing urine specimens on May 6, 2010; May 17, 2010; May 28, 2010; June 3, 2010; June 17, 2010; July 2, 2010; and July 15, 2010 that tested positive for amphetamine[1], methamphetamine[2], cocaine[3] and/or marijuana.[4] Fifth Circuit case law permits a court to find illicit drug use constitutes possession. The government further alleges Defendant failed to work at a lawful occupation.

If the Court finds by a preponderance of the evidence that Defendant unlawfully used a controlled substance, a statutory sentence of no more than 2 years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.3(a)(1) of the Sentencing Guidelines, violating a condition of supervision by possessing amphetamine, methamphetamine, or cocaine would constitute a Grade B violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade B violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant was in possession of marijuana or failed to work at a lawful occupation, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). The Court may then revoke supervised release or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

---

[1] Such an offense would also be a violation of Texas Health and Safety Code § 481.116.

[2] Such an offense would also be a violation of Texas Health and Safety Code § 481.115.

[3] Such an offense would also be a violation of Texas Health and Safety Code § 481.115.

[4] Such an offense would also be a violation of Texas Health and Safety Code § 481.121.

Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision. In exchange, the government agreed to recommend that Defendant serve 7 months in prison, with no supervised release to follow. However, Defendant has been incarcerated since August 30, 2010. Thus, the parties agreed that Defendant should be granted time-served and his term of imprisonment will officially be recognized as to have started on that date.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Defendant Jackie Austin be committed to the custody of the Bureau of Prisons for a term of imprisonment of 7 months, with credit for time served since August 30, 2010, with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be FCI Seagoville, Texas.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 9th day of September, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE